United States Court of Appeals,

Fifth Circuit.

No. 93-2122.

ALPINE OCEAN SEISMIC SURVEY, INC., Plaintiff-Appellant,

v.

F.W. MYERS & COMPANY, INC., et al., Defendant,

Federal Express Corporation, Defendant-Appellee.

June 24, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before REAVLEY and JOLLY, Circuit Judges, PARKER,[*] District Judge.

E. GRADY JOLLY, Circuit Judge:

The plaintiff contracted with an intermediary to have certain time-sensitive items shipped. The intermediary contracted with the defendant to ship the items. When the defendant did not deliver some of the items on time, the plaintiff sued the defendant for damages caused by the late delivery. Because we find that the defendant owed no duty to the plaintiff with whom it did not contract, we affirm the district court's grant of summary judgment to the defendant.

I

Alpine Ocean Seismic Survey, Inc. ("Alpine") took samples containing microorganisms from the ocean floor in the Gulf of Mexico. An employee of Alpine took ten boxes of samples to F.W. Myers and Company ("Myers") on July 5, 1988, and instructed Myers

[*]Chief Judge of the Eastern District of Texas, sitting by designation.

to ship them from Houston, Texas, to Gunnison, Colorado, by overnight air freight for arrival on July 6. Myers contracted with Federal Express Corporation ("Federal Express") to carry the shipment. Six of the boxes arrived on July 8, and the remaining four boxes arrived on July 11. By the time the last four boxes arrived in Colorado, many of the microorganisms were dead rendering the samples useless. Alpine sued Federal Express for damages resulting from having to take new samples.[1]

The shipping contract contained on the airbill was between Myers and Federal Express—not between Alpine and Federal Express. The airbill contained the following standard limitation of liability clause:

*DAMAGE OR LOSS*

> We are liable for no more than $100 per package in the event of physical loss or damage, unless you fill in a higher Declared Value to the left and document higher actual loss in the event of a claim. We charge $.30 for each additional $100 of declared value up to the maximum shown in our Service Guide. Declared value restrictions are shown on the back of the Sender's Copy of this airbill. We make no expressed or implied warranties.

The district court granted Federal Express's motion for summary judgment. Alpine brought this appeal.

II

We review the district court's grant of summary judgment *de novo. Johnston v. City of Houston,* 14 F.3d 1056, 1059 (5th Cir.1994). Alpine asserts on appeal that Federal Express owed Alpine a duty to deliver the boxes in a timely manner, and that the

_____

[1]Alpine settled its suit with Myers, and Myers is not a party to this appeal.

limitation of liability clause is void under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). To prevail on its claim for damages, Alpine must establish that Federal Express owed a duty to *Alpine* in contract or in tort and that federal law does not preempt the DTPA. Because we find that Federal Express owed no duty to Alpine, we do not reach the preemption issue.

The Eighth Circuit's decision in *Hampton v. Federal Express Corp.,* 917 F.2d 1119 (8th Cir.1990), is instructive in the instant case. In *Hampton,* 917 F.2d at 1120-21, a hospital contracted with Federal Express to ship blood samples. When the blood samples did not arrive, a patient died. *Id.* at 1121. The parent of the deceased patient sued Federal Express. *Id.* The airbill in *Hampton* contained the same limitation of liability language as the airbill in the instant case.

The Eighth Circuit held that the parent could not recover in contract because he was not a party to the contract, and, thus, Federal Express owed him no duty under the contract. *Hampton,* 917 F.2d at 1123-24. The *Hampton* Court held that even if the parent could sue as a third-party beneficiary of the contract, it could not recover because Federal Express was unaware of the contents of the package and thus any damages were not "reasonably foreseeable." *Id.* at 1124 (citing Restatement (Second) of Contracts § 351(1) (1981)). Similarly, there was no duty to the parent in tort because Federal Express was unaware of the contents of the package and thus could not reasonably foresee any injury to the parent or his child. *Id.* at 1124-25 (citing *Palsgraf v. Long Island R.R.,*

3

248 N.Y. 339, 162 N.E. 99 (1928); Restatement (Second) of Torts § 281 comment c, illustration 1 (1965)). We find this reasoning compelling.

In the instant case, Federal Express was unaware of the contents of Alpine's boxes. Accordingly, Federal Express could not reasonably foresee the necessity of Alpine having to go back to the bottom of the ocean floor to retrieve further samples if the boxes were delivered late. Further, even if Alpine was a third-party beneficiary of the contract, it would still be subject to the limitation of liability clause because a third-party beneficiary takes no greater rights than the original contracting party—Myers. *See Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 318 (5th Cir.1991). Similarly, Federal Express owed no duty to Alpine in tort because it could not reasonably foresee the risk of harm to Alpine from the late delivery of boxes when it had no knowledge of the contents of the boxes. *See* Restatement (Second) of Torts § 281 comment c, illustration 1 (1965). Accordingly, we will not hold Federal Express liable to a party with whom it did not contract for damages it could not reasonably foresee. Consequently, we need not reach the issue of whether federal law preempts the DTPA.

### III

For the reasons stated above, the judgment of the district court is

AFFIRMED.

4